UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CR-60192-GAYLES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCUS ERROL POWELL,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

This cause is before the undersigned United States Magistrate Judge upon order of reference from the Honorable Darrin P. Gayles.  DE 29.  The Court held a hearing on January 26, 2024, to permit Defendant Marcus Errol Powell to change his plea.  Assistant United States Attorney Bertha Mitrani appeared on behalf of the Government.  Attorney Benjamin Stechschulte appeared on behalf of Defendant, who was present.

    1.    The Court placed Defendant under oath for the purpose of conducting the hearing.

    2.    The Court advised Defendant of his right to have the District Judge assigned to this case conduct the hearing.  The Court advised that it was conducting the hearing at the request of Defendant, his attorney, and the Assistant United States Attorney.  The Court advised that the District Judge assigned to the case will be the sentencing Judge, will conduct the sentencing hearing, and will make all findings and rulings concerning Defendant's sentence.  The Court advised that Defendant did not have to permit the Court to conduct the hearing to change his plea and could request that the District Judge conduct the hearing instead.  Defendant, his attorney, and

the Assistant United States Attorney consented to have a United States Magistrate Judge conduct the hearing to change Defendant's plea.

3. The Court conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Federal Rule of Criminal Procedure 11.

4. The parties have entered into a written Plea Agreement. The Court reviewed the Plea Agreement on the record, and Defendant acknowledged reading, understanding, and signing the Plea Agreement.

5. Defendant pled guilty to Count 1 of the Indictment [DE 3], which charges him with wire fraud in violation of 18 U.S.C. § 1343.

6. The Court reviewed with Defendant the statutory maximum penalties applicable to the crime to which he pled guilty. Defendant acknowledged that he understands those penalties.

7. The Plea Agreement contains an agreement by the Government to recommend a two-level reduction for acceptance of personal responsibility for the purpose of calculating the Sentencing Guidelines range. The Government further agrees that, if certain conditions are met, it will recommend a one-level reduction for assisting authorities for the purpose of calculating the Sentencing Guidelines range. The Court explained to Defendant that these recommendations, although agreed upon by the parties, are not binding on the United States Probation Office or on the District Court, and Defendant may not withdraw his plea based upon the District Court's decision not to accept these or any other sentencing recommendations.

8. The Plea Agreement contains provisions regarding forfeiture. The Court discussed the forfeiture provisions with Defendant. Defendant agreed to forfeit to the Government any right, title, and interest to any property constituting or derived from proceeds traceable to the commission

of the crime. Defendant also agreed to forfeit substitute property. Defendant agreed that the property subject to forfeiture includes, but is not limited to, a forfeiture money judgment in the sum of $20,832 in United States currency.

9. The Plea Agreement contains a provision that Defendant agrees to pay $20,832 in restitution. The Court discussed the restitution provision with Defendant, and he acknowledged that he understands it.

10. The Plea Agreement contains a provision whereby Defendant agrees to waive his rights under 28 U.S.C. § 1291 to claim that the statute to which he is pleading guilty is unconstitutional and to claim that the conduct he has admitted does not fall within the scope of that statute. The Court explained the waiver to Defendant. Defendant acknowledged that he understands the waiver and discussed it with his attorney.

11. The parties submitted a written Factual Proffer, which was signed by Defendant, his attorney, and the Assistant United States Attorney. The Assistant United States Attorney summarized the Factual Proffer for the record. Defendant acknowledged that he signed the Factual Proffer, understands it, and had the opportunity to fully discuss it with his attorney. Defendant agreed that the Factual Proffer is true and correct and accurately sets forth the facts in his case as he understands them to be. Having reviewed the Factual Proffer, the Court finds that it sets forth each of the essential elements of the crime to which Defendant pled guilty.

12. Based on the foregoing and the plea colloquy, the Court finds that Defendant entered his plea of guilty to Count 1 of the Indictment freely, knowingly, and voluntarily. The Court accepts the guilty plea.

13. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, this Court recommends that the District Court accept Defendant's plea of guilty to Count 1 of the Indictment, adjudicate Defendant guilty of the crime to which he pled guilty, and conduct a sentencing hearing for final disposition of this case.

The parties have 14 days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Darrin P. Gayles.  Under Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives a party's right to review and bars the party from attacking on appeal any legal rulings or factual findings contained herein.

**DONE AND RECOMMENDED** in Chambers at Fort Lauderdale, Florida, this 26th day of January, 2024.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE